IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher T. Boyer, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:10-cv-00704-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Fette Electrical Services, LLC, formerly | ) | |
| known as TA Thorn LLC doing business | ) | |
| as Speedy Electric, and Gary F. | ) | |
| Fette, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Doc. 50], filed on January 23, 2012, recommending that Defendants' Motion for Summary Judgment [Doc. 36] be granted in part and denied in part. The Magistrate Judge recommended that summary judgment be granted to Defendant Fette Electrical Services, LLC, formerly known as TA Thorn LLC doing business as Speedy Electric ("Speedy Electric") as to Plaintiff's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, for failure to accommodate and his state law claim for wrongful discharge in violation of public policy; and that summary judgment be denied to Speedy Electric as to Plaintiff's claims under the ADA for unlawful discharge and retaliation. The Magistrate Judge further recommended that summary judgment be granted to Defendant Gary F. Fette ("Fette") on all of Plaintiff's claims. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff maintains this action against both Defendants for alleged violations of the ADA for failure to accommodate, unlawful discharge, and retaliation; and, a state law claim for wrongful discharge in violation of public policy. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation [Doc. 52]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes two specific objections to the Magistrate Judge's Report. First, Plaintiff objects to the Magistrate Judge's statement in Section D of the Report regarding the individual liability of Fette, that "Plaintiff fails to create a genuine dispute of fact with respect to the . . .

retaliation . . . claim[ ]." [Doc. 50 at 16]. Plaintiff claims that this statement in Section D contradicts Section B of the Magistrate Judge's Report that states that Plaintiff *has* presented sufficient evidence to establish a claim for retaliation. [Doc. 50 at 14]. The court believes that this language can be squared because the language in Section D of the Report appears to refer specifically to Plaintiff's claim for retaliation under the ADA against Fette for his individual actions, which the Magistrate Judge found did not violate the ADA, while the language in Section B refers to the Plaintiff's claim against Speedy Electric. The Magistrate Judge found that Plaintiff did present sufficient evidence to establish a claim for retaliation against Speedy Electric.

Next, Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted to Fette, individually, because both Defendants have failed to produce documents related to the corporate formalities of Speedy Electric, which Plaintiff claims has been set up as a facade against potential liability. Plaintiff further claims that Fette, as the sole shareholder, officer, and director of Speedy Electric, may be liable for his claims against Speedy Electric if Fette treated its business relationship with Speedy Electric as a proprietorship. While Plaintiff claims that the basis for his objection is that Defendants failed to produce any requested documents related to the corporate existence of Speedy Electric, the court notes that Plaintiff did not file a motion with the court to compel such documents. Therefore, the court must disregard this untimely argument to defeat the Magistrate Judge's recommendation.

Thus, after extensive review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein as modified below.

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 36] be **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is granted to Defendant Fette Electrical Services, LLC, formerly known as TA Thorn LLC doing business as Speedy Electric ("Speedy Elcectric"), as to Plaintiff's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* for failure to accommodate and his state law claim for wrongful discharge in violation of public policy; summary judgment is denied to Speedy Electric as to Plaintiff's claims under the ADA for unlawful discharge and retaliation; summary judgment is granted to Defendant Gary F. Fette on all of Plaintiff's claims in the Amended Complaint, which are listed herein above.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 1, 2012
Greenville, South Carolina